Although I agree with the majority's disposition in Part I of this opinion, I disagree that the "trial court's actions in making strikes on behalf of the prosecutor are highly questionable." Here, the prosecution informed the trial court that it could not articulate reasons for its last three strikes and wished to give the trial court those strikes. When defense counsel objected, the trial court asked defense counsel if he would be willing to accept any strikes made by the prosecution. An off-the-record discussion was held and defense counsel obviously told the trial court that he could not automatically accept any strike made by the prosecution without specific race neutral reasons. The *Page 700 
trial court then struck the last three jurors for the prosecution.
I fail to see what else the trial court could have done in this particular situation. If he had required the prosecution to exercise its last three strikes, then defense counsel would have made a Batson motion. At that point, the prosecution would have been unable to articulate race neutral reasons for striking these three jurors and the trial court would have had to grant the Batson motion which would have resulted in a new trial.
The language in the majority opinion's places the trial courts of this state between a rock and a hard place. If the courts force prosecutors to strike jurors even when they do not have a race neutral reason for doing so, the courts will have to grant Batson motions in every case where defense counsel challenges the State's strikes. If a trial court exercises the prosecution's strikes, its actions are "highly questionable."
I do not believe that this scenario is a rare occurrence. Many prosecutors in this state are asking the trial courts to exercise some strikes when they cannot give a legitimate reason for striking a juror and the trial courts have agreed to do so. I think this is an honest and genuine attempt by the prosecutors and the trial courts to comply with the mandates set out in Batson. For this reason, I concur specially.